NELSON A. LUGO, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1202. Submitted January 13, 1947.—Decided April 17, 1947.

*Carlos García Méndez* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

By deed No. 83 executed in Cayey on September 8, 1939, before Notary Víctor M. Pons, which was subsequently modi-

fied by deed No. 75, executed before the same notary on June 15, 1940, the partition of the estate of the deceased Aureliano Peláez Santos was carried out. In this partition Julia Santos Santiago was adjudicated property in the amount of $2,900 for the payment of debts of the hereditary estate, said debts consisting in a $2,000 mortgage in favor of Hospital de la Concepción and $900 for documentary expenses. After cancelling the mortgage, Mr. Pons executed a deed on September 7, 1946, before Notary Angel M. Díaz, stating that he, as a notary, certified the documents mentioned in the aforesaid partition and that "prior to that date Julia Santos Santiago paid him the amount of nine hundred dollars adjudicated to her for the payment of documentary expenses; and hence this deed is given in consideration of said sum of nine hundred dollars paid to him as documentary expenses, the receipt whereof is hereby acknowledged, and the cancellation of said lien sought . . . ".

Upon presenting this deed to the Registry of Property of San Germán, the registrar denied the cancellation sought "because according to the registry the debt mentioned appears as of 'nine hundred dollars for documentary expenses' without specifying the name of the creditor, and without it being duly established that said creditor is Mr. Víctor M. Pons who now cancels . . ."

The only ground for refusal which the registrar sets forth in his brief is that "the general language used in drawing up the deed does not preclude *the possibility* that there may exist other persons entitled to said debt for documentary expenses . . ."

The registrar is wrong. If it appears from the documents before him that Víctor M. Pons was the notary who executed both deeds in connection with the partition of the estate of Mr. Aureliano Peláez Santos, and that they provided for the payment of nine hundred dollars for documentary expenses, and subsequently the same Notary, Mr. Pons, executes a deed stating that said nine hundred dollars were

paid to him by Mrs. Julia Santos Santiago, precisely in consideration of the item specified in the deed of partition, what possibility can there arise as to the existence of other creditors entitled to said credit, precisely for "documentary expenses"? We should not forget that it is a notary who states in a public document that he performed a certain work —which fact is proven by the deeds executed by him—and that the amount mentioned in the deed was paid to him by Mrs. Santiago. The respondent registrar had nothing before him whereby he could challenge the truth of the facts set forth in the deed of cancellation.

The decision of the registrar must be reversed and the cancellation sought ordered.